IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DeALVA GRAVES and
RODNEY GRAVES                      :

    v.                             :    Civil Action No. DKC 13-3343

                                   :
ONE WEST BANK, FSB
                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action is a motion for reconsideration filed by *pro se* Plaintiffs DeAlva Graves and Rodney Graves ("Plaintiffs"). (ECF No. 4). No hearing is necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

**I. Background**

Plaintiffs filed a complaint on November 8, 2013 against One West Bank, FSB ("Defendant") in connection with a foreclosure proceeding initiated in the Circuit Court for Montgomery County, Maryland involving property owned by Plaintiff DeAlva Graves.[1] Plaintiffs asserted that Defendant used fraudulent documents in connection with the purchase and reassignment of a promissory note or mortgage used to finance the property, which is the subject of the pending foreclosure

---

[1] Plaintiffs assert that Rodney Graves, DeAlva Graves's son, has been given Power of Attorney and has a financial interest in the property. (ECF No. 1 ¶ 6).

proceeding in state court. In the complaint, Plaintiffs alleged claims for fraud, defamation, unjust enrichment, age discrimination, and requested, *inter alia*, injunctive relief. On November 15, 2013, the undersigned dismissed Plaintiffs' complaint, holding that granting relief would violate the Anti-Injunction Act, 28 U.S.C. § 2283. (ECF No. 3). On November 20, 2013, Plaintiffs moved for reconsideration (ECF No. 4) and also filed an amended complaint (ECF No. 5).[2] In the amended complaint, Plaintiffs no longer seek injunctive relief, but proffer the same factual allegations. In the proposed amended complaint, Plaintiffs again lodge defamation, unjust enrichment, age discrimination, and fraud claims, and also include claims alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md.Code, Real Prop. §§ 7-401 *et seq.*, the Maryland Collection Agency Licensing Act ("MCALA"),

---

[2] A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed.R.Civ.P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Rule 59(e); *MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, Civil No. WDQ-04-3621, 2013 WL 5934055, at *3 (D.Md. Oct. 31, 2013). Plaintiffs moved for reconsideration within 28 days from the November 15, 2013 order, thus Rule 59(e) governs the motion for reconsideration.

Md.Code Ann., Bus. Reg., § 7-101, *et seq.*, and various provisions of the Uniform Commercial Code.

**II. Analysis**

Plaintiffs have moved for reconsideration and submitted an amended complaint with their motion.[3] In *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011), the United States Court of Appeals for the Fourth Circuit explained that a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b). *See also Calvary Christian Center v. City of Fredericksburg, Virginia*, 710 F.3d 536, 539 (4th Cir. 2013). The Fourth Circuit further stated that "[t]o determine whether vacatur is warranted, [], the court need not concern itself with either of those rules' legal standards." *Katyle*, 637 F.3d at 471.[4] *Katyle* held that:

---

[3] Plaintiffs' submission of an amended complaint after dismissal of their original complaint will be construed as a motion for leave to amend the complaint.

[4] More recently, in *Calvary Christian Center*, 710 F.3d at 540, the Fourth Circuit stated that "[o]ur language in *Katyle*,[] was addressed to a circumstance [much like here] where the plaintiff [sought] to set aside the judgment of dismissal, and at the same time, to file an amended complaint**."** In *Calvary*, the Fourth Circuit addressed a situation where plaintiff moved to amend the complaint after it had been dismissed, but where plaintiff did *not* move for reconsideration under Rule 59(e) or 60(b). Under that scenario, the Fourth Circuit reasoned that "[b]ecause [plaintiff] did not file a motion to vacate the district court's judgment of dismissal, we have no occasion to

3

> [t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a). In other words, a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility.' [*Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)]; *accord Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

*Katyle*, 637 F.3d at 471; *United States v. Shabazz*, 509 F'Appx. 265, 266 (4th Cir. 2013) (same). Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile – that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). In assessing whether a proposed amendment is clearly futile, a district court may look to "substantive or procedural considerations." *Davis v. Piper Aircraft*, 615 F.2d 606, 613 (4th Cir. 1980).

Allowing Plaintiffs to amend the complaint would be futile. The *Younger* abstention doctrine, 401 U.S. 37 (1971), "requires a federal court to abstain from interfering in state proceedings,

---

consider whether the district court correctly applied Rule 15 standards." *Id.* at 539.

even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "'*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action.'" *Williams v. Lubin*, 516 F.Supp.2d 535, 539 (D.Md. 2007) (*quoting Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

Here, foreclosure proceedings against Plaintiff are ongoing in the Circuit Court for Montgomery County, satisfying the first element. Specifically, Plaintiffs moved to stay the foreclosure sale on May 8, 2013 and filed a request to move the case to the United States District Court on May 23, 2013. *See Sullivan, et al. v. DeAlva Graves*, Case No. 376661V. Judge Robert Greenberg denied both motions on July 15, 2013. Ms. Graves then moved for reconsideration, which Judge Greenberg denied on September 17, 2013. Ms. Graves's subsequent appeal to the Court of Special Appeals of Maryland on October 11, 2013 remains pending. The second element of *Younger* is also satisfied because Maryland has a substantial interest in its property law. *See Harper v. Pub.*

5

*Serv. Comm'n of W.Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."); *Fisher v. Fed. Nat. Mortg. Ass'n*, 360 F.Supp. 207, 210 (D.Md. 1973). Finally, Plaintiffs do not raise any federal constitutional claims. Although Plaintiffs raise several federal claims for violations of the FDCPA, MMFPA, and MCALA, as stated in the original dismissal order, Plaintiffs have an opportunity to raise these claims in the state court proceeding.

Because the *Younger* abstention doctrine prohibits the undersigned from entertaining the claims asserted in Plaintiffs' proposed amended complaint, amending the complaint would be futile. *See, e.g., Barilone v. Onewest Bank, FSB*, Civil Action No. ELH-13-00752, 2013 WL 6909423, at *5 (D.Md. Dec. 31, 2013) (dismissing plaintiff's claims under *Younger* where there was a pending foreclosure action in state court).[5]

---

[5] Plaintiffs' motion would not pass muster even if it were analyzed under Rule 59(e). Pursuant to Rule 59(e), grounds for relief are limited to accommodating an intervening change in controlling law, accounting for new evidence not previously available, or correcting clear error of law or preventing manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). Plaintiffs' motion does not meet any of the grounds for reconsideration set forth above. Plaintiffs cite identical factual allegations in the proposed amended complaint, but merely abandon their request for injunctive relief (presumably in an attempt to bring their complaint within the court's

6

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration will be denied. A separate order will follow.

>          /s/
> DEBORAH K. CHASANOW
> United States District Judge

---

purview) and add several new claims premised on the same facts alleged in the initial complaint.